UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|     *Plaintiff*, ) | |
| ) | |
|     *vs.* ) | 1:11-cr-00062-JMS-KPF-01 |
| ) | |
| TRACY KNIGHT, ) | |
| A/K/A TRACEY KNIGHT, ) | |
| A/K/A JUDY SHERMAN, ) | |
| A/K/A TRACY HAMILTON ) | |
|     *Defendant.* ) | |

## ORDER DENYING MOTION

Presently pending before the Court is Defendant Tracy Knight's, a/k/a Tracey Knight, a/k/a Judy Sherman, a/k/a Tracy Hamilton ("Ms. Knight"), Motion to Change Method By Which Balance of Sentence is Served ("Motion").

On June 4, 2012, Ms. Knight pleaded guilty to three counts of Filing False Claims under 18 U.S.C. § 287 and two counts of Identify Theft under 18 U.S.C. § 1028(a)(7). [Dkt. 46 at 1.][1] Thereafter, this Court sentenced Ms. Knight to a term of 21 months imprisonment. [*Id.* at 2.] After having served approximately nine months of her sentence, Ms. Knight now seeks a modification of her sentence to allow her to serve the remainder on home confinement or in a "halfway house-like facility." [Dkt. 51 at 3, ¶ 3.] For the reasons explained below, Ms. Knight's Motion is denied.

Once a prison sentence is imposed on a defendant, the designation of the place of imprisonment is left entirely to the discretion of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3621(b). Moreover, § 3621(b) states that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall

---

[1] The Court amended its Judgment on June 21, 2012, to reflect the correction of a clerical error.

- 1 -

have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.* Indeed, Courts faced with requests similar to the one Ms. Knight makes here have uniformly held that "a sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program." *United States v. Johnson*, 223 F.3d 665 (7th Cir. 2000) (quoting *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995)); *see United States v. Grant*, 2007 WL 952033 (N.D. Ill. 2007) ("It is crystal clear that 18 U.S.C. § 3621(b) vests in the Bureau of Prisons the sole discretion as to the designation of a federal prisoner's place of confinement, with the federal courts having no say in the matter other than to offer nonbinding recommendations.").

The only avenue by which a defendant may effectively circumvent the BOP's placement authority, aside from successfully appealing her underlying conviction, is by seeking a sentence modification. 18 U.S.C. § 3582(c). Even then, a Court may only modify a term of imprisonment under one of three circumstances: (1) upon motion by the Director of the BOP; (2) where modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (3) where a defendant had been sentenced under a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). *Id.* Because Congress has enacted no other statute providing alternative grounds for sentence modification, Rule 35 of the Fed. R. Crim. P. supplies the only alternative to satisfying one of the conditions set forth in § 3582(c). However, Rule 35 designates only two narrow bases for a sentence *reduction*. Fed. R. Crim. P. 35(a)-(b). Under the rule, a Court may only reduce a defendant's sentence: (1) on the basis of correcting clear error; or (2) on the government's motion because a defendant has provided substantial assistance to the government. *Id*.

Ms. Knight does not argue that any of these grounds apply. Instead, she urges the Court to grant her Motion because her children need her to care for them. [Dkt. 51 at 2-3.] After her sentence was imposed, however, Ms. Knight became subject to the custody and placement decisions of the BOP. For the reasons stated above, the Court has no control over decisions regarding Ms. Knight's place of confinement. The only mechanism available to the Court, which it exercised on Ms. Knight's behalf at the time of sentencing, was the power to submit a *recommendation* to the BOP of where her place of confinement should be. The Court has no authority to direct the BOP to house the defendant in a particular facility, including a halfway house. Even if Ms. Knight's motion is viewed as a request for a sentence modification, her argument fails because she has not satisfied any of the conditions necessary to prevail on such a request. Ms. Knight's request would be better directed to the BOP, although there remains no guarantee that it would be granted. Accordingly, Ms. Knight's Motion is **DENIED**. [Dkt. 51.]

06/18/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

Tracy Knight
Inmate No: 43582-177
USP Hazelton
U.S. Penitentiary
P.O. BOX 2000
Bruceton Mills, WV 26525

**Distribution via ECF only:**

Sharon M. Jackson
sharon.jackson@usdoj.gov